UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Kenneth Samuels

13 CV 8287

_(In the space above enter the full name(s) of the plaintiff(s).)_

-against-

Brian Fischer, Commissioner of Docs
Albert Prack, Director of Special Housing
Philip D. Heath, Superintendent
D. Keysor, Deputy Superintendent Security
M. Barnes, Correction Sergeant
C. Gamble, Correction Sergeant
R. Brereton Correction Caption
K. White Correction Sergeant
John Doe 1, Correction Sergeant
                              See attached

_(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)_

**COMPLAINT**
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☑ Yes  ☐ No
(check one)

## I.    Parties in this complaint:

A.    List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff      Name          Kenneth Samuels
               ID #          97A0331
               Current Institution    UPState
               Address       P.O. Box 2001
                             Malone, New York 12953

B.    List all defendants' names, positions, places of employment, and the address  where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

_Rev. 05/2010_                           3

L. Gould, Correction officer
T. Bellinger, Correction officer
R. Woody Jr. Correction officer
C. Dawtin, Correction officer
John Doe 2, correction officer
John Doe 3, correction officer
                              Defendants

Defendant No. 1    Name Brian Fischer, Commissioner of DOCS Shield # _____
Where Currently Employed New York State Correctional Services
Address The Harriman State Campus - Building 2, 1220
Washington Avenue, Albany N.Y 12226-2050

Defendant No. 2    Name Albert Prack, Director of Special Housing Unit Shield # _____
Where Currently Employed New York State Correctional Services
Address The Harriman State Campus - Building 2, 1220
Washington Avenue, Albany N.Y 12226-2050

Defendant No. 3    Name Philip D. Heath, Superintendent of Sing Sing Shield # _____
Where Currently Employed Sing Sing Correctional facility
Address 354 Hunter Street, Ossining New York 10562

Defendant No. 4    Name Dkeysor, Deputy Superintendent of Security Shield # _____
Where Currently Employed Sing Sing Correctional facility
Address 354 Hunter Street, Ossining New York 10562

Defendant No. 5    Name M. Barnes, Correction Sergeant    Shield # _____
Where Currently Employed Sing Sing Correctional facility
Address 354 Hunter Street, Ossining New York 10562
(See Attached-7)

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur? _____
Sing Sing Correctional facility

B.    Where in the institution did the events giving rise to your claim(s) occur? _____
B-Block Whiskey (W) gallery

C.    What date and approximate time did the events giving rise to your claim(s) occur? _____
November 16, 2010, approximate 7:30 pm

Defendent No 6.   Name: C. Gamble, Correctional Sergeant
                  Where Currently Employed: Sing Sing correctional fac.
                  Address: 354 Hunter Street, Ossining NewYork 10562

Defendent No 7.   Name: K. White, Correctional Sergeant
                  Where Currently Employed: Sing Sing Correctional fac.
                  Address: 354 Hunter Street, Ossining New York 10562.

Defendent No 8.   Name: R. Brereton, Correctional Caption
                  Where Currently Employed: Sing Sing Correctional fac.
                  Address: 354 Hunter Street, Ossining New York 10562

Defendent No 9.   Name: John Doe, Correctional Sergeant
                  Where Currently Employed: Sing Sing Correctional fac.
                  Address: 354 Hunter Street, Ossining New York 10562

Defendent No 10   Name: L. Gould, Correctional officer
                  Where Currently Employed: Sing Sing correctional fac
                  Address: 354 Hunter Street, Ossining New York 10562

Defendent No 11.  Name: R. Woody Jr Correctional officer
                  Where Currently Employed: Sing Sing correctional fac
                  Address: 354 Hunter Street, Ossining New York 10562.

Defendent No 12   Name: C. Dowtin, Correctional officer
                  Where Currently Employed: Sing Sing correctional fac
                  Address: 354 Hunter Street, Ossining New York 10562.

Defendent No 13  Name: T. Billinger, Correctional Officer
                 Where Currently Employed: Sing Sing Correctional Fac
                 Address: 354 Hunter Street, Ossining New York 10562

Defendent No 14  Name: John Doe: Correctional Officer
                 Where Currently Employed: Sing Sing correctional Fac
                 Address: 354 Hunter Street, Ossining New York 10562.

Defendent No 15  Name: John Doe: Correctional Officer
                 Where Currently Employed: Sing Sing correctional Fac
                 Address: 354 Hunter Street, Ossining New York 10562.

D.    Facts: _____

_____

_____

$\longleftarrow$    *See Attached*    $\longrightarrow$

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

$\longleftarrow$    *See Attached*    $\longrightarrow$

_____

_____

_____

_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

*Rev. 05/2010*                                              5

## II Statement of Claim:

State a briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statues. If you intend to allege a number of related claims, numbers and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.  In what institution did the events give rise to your claims occur? Sing Sing Correctional Facility

B.  Where in the institution did the events give rise to your claim(s) occur? B-block W-Gallery.

C.  What date approximate time did the events giving rise to your claim(s) occur? November 16 2010, approximate 7:30PM.

## Statement of Jurisdiction and Venue

This civil action is authorized by 42 U.S.C. 1983 to redress the deprivation, under the color of state law, of rights secured by the Constitution of the United States. This Court has Jurisdiction under 28 U.S.C. 1331, 1343(a)(3). The Southern District is the proper venue under 28 U.S.C. 1391 (B)(2).

## Parties to this Action:

1. Plaintiff Kenneth Samuels at all times mentioned hereinafter is a prisoner serving an indeterminate sentence in the New York State Department of Correctional Services (hereinafter DOCS) and is currently confined at Clinton Correctional Facility.

2. Defendant Brian Fischer (hereinafter Fischer) is commissioner of DOCS and is legally responsible for the overall operations of all facilities under his jurisdiction and is a policy maker responsible for all employees within DOCS, is to ensure officials are properly and adequately trained in the use of force.

3. Defendant Philip D. Heath, (hereinafter Heath) at the time of the alleged incident was assigned as Superintendent at Sing Sing Correctional Facility (herein Sing Sing) and is legally responsible for the day to day operations of the facility, including but not limited to the training and supervision of all officials under his command in the use of force.

4. Defendant D. Keysor at the time of incident was assigned as Deputy Superintendent of Security at Sing Sing, responsible for supervision and training of officials under his command in the use of force, subsequently determined the Tier III hearing complies with the provisions of Chapter V Title 7 of N.Y.C.R.R.

5. Defendant Albert Prack, (hereinafter Prack) Director of Special Housing Unit, responsible for reviewing tier hearing appeals in accordance with Chapter V Title 7 N.Y.C.R.R. Upon learning of the violations during Plaintiff's tier III hearing, did permit, approve, sanctioned, conspired or acted in concert with defendant Brereton who deprived Plaintiff of his constitutional rights to due process during a tier hearing.

6. Defendant John Doe 1, C. Gamble, M. Barnes, K. White and R. Brereton, at the time of the incident mentioned herein were all ranking officials acting individually and/or in conjunction with each other and/or other named defendants did contribute and cause the violations of plaintiff's rights.

7. Defendants R. Woody, C Dawtin, T. Bellinger, L. Gould, John Doe 2, John Doe 3 at all time mentioned herein held the rank of Correction Officers, who contributed to the use of unnecessary and excessive use of force on Plaintiff as they were not adequately and properly trained in the use of force.

8. Defendants John Doe 1, John Doe 2, John Doe 3, at all time mentioned herein held the rank of Correction Sergeant and/or Officers acting individually or in conjunction with each other and other named defendants did contribute and cause the violations of Plaintiff's rights. By leaving Plaintiff sitting in a van at Sing Sing check point bleeding for several hours or more in excruciating pain before Plaintiff was taken to Mount Vernon Emergency Room. The action of the defendants created a deliberate indifferent to Plaintiff's medical needs.

9. Defendants Fischer, Health, Keysor, Gamble, Barnes, were all aware of the high volume of use of force incidents at Sing Sing regarding officers using excessive, unnecessary force on prisoners. The defendants failed to properly supervise and adequately train their official or subordinates in the use of force as there is a systematic, gross inadequacies in training and supervision of officials under their control.

10. Defendant Keysor, was grossly negligent in supervising subordinates who brutally, maliciously assaulted Plaintiff without provocation. Keysor, had knowledge of the high volume of excessive use of force incidents occurring at Sing Sing and failed to correct or remedy the wrongful unconstitutional acts committed by his subordinates, incidents were reported to Keysor.

11. Defendant Heath, was grossly negligent in supervising his subordinates who used unnecessary, excessive force, fully aware of the high volume of excessive use of force incidents at Sing Sing for several years did nothing to remedy the unconstitutional customary practices that were occurring. Heath, was in charge of the day to day operations of the facility and received numerous complaints from prisoners regarding his subordinates carrying out their customary, unconstitutional practices of using unnecessary excessive force for all complaints concerning staff misconduct were forwarded to Heath.

12. Defendant Fischer, was grossly negligent in supervising his subordinates who were entrusted with the duty of ensuring their subordinates were properly or adequately trained in the use of force. Fischer had knowledge of a high volume of excessive use of force incidents at Sing Sing, through numerous complaints, Fischer allowed the unlawful customary unconstitutional practices of excessive use force to continue by failing to act.

13. Defendant Fischer, Heath, and Keyer, failed to ensure that their subordinates were properly and adequately trained and periodically up dated on the proper usage of force. The failure of Keyer, heath and Fischer to properly screen area supervisors and officers in conducting stress test created and condone the unlawful unconstitutional, customary practices of excessive use of force.

14. Defendant Fischer, created a policy and/or custom that allowed unnecessary excessive use of force in Sing Sing to exist by failing supervise or punish officials who failed to properly conduct fair and impartial investigations and who themselves committed or condoned the unlawful, unconstitutional violations.

**A Facts:**

15. On November 16, 2010, Plaintiff and several other prisoners were returning form counselor call-outs at approximately 7:30. Upon entering B-block housing unit Plaintiff took his net-bag which contain his shower gear out of a plastic bag that was located at the entrance of the housing unit and preceded to Q-Gallery to wait on line for the bathhouse run.

16. While waiting on line for twenty minutes or more, Plaintiff ask defendant woody, what was the hold-up with the bathhouse run. Woody replied A-block is running prisoner to the auditorium for movies. Plaintiff asked Woody if he could return to his cell skipping the bathhouse and go to the yard when the bathhouse returned. Woody said No, you put down for the bathhouse you have to go to the bathhouse. Ten minute latter an announcement was made informing all prisoners waiting for the bathhouse run to return all cigarettes to their cells bathhouse going out.

17. Plaintiff and several other prisoners proceeded to the back of Q-Gallery where Plaintiff showed defendant Bellinger, his cigarette Bellinger waved plaintiff and other prisoners through the gate. Plaintiff returned the cigarettes to his cell on W-Gallery and upon returning heard defendant Dawtin call down to Bellinger and state stop that inmate coming off of R-Gallery. Bellinger informed Dawtin that Plaintiff had just returned cigarettes to his cell on W-Gallery. Dawtin stated, I did not call W-Gallery, send the inmate back. Plaintiff attempted to explain to Dawtin that he was on Q-Gallery waiting for the bathhouse run prior to the announcement when Dawtin cut Plaintiff off stating I didn't call W-Gallery, take it back and lock in.

18. Plaintiff proceeded back down the gallery to his cell while

specking to Bellinger, when Woody said in a sarcastic manner you shouldn't have put down for the bathhouse anyway. Plaintiff responded stating no ones talking to you mind your fucking business.

19. While Plaintiff was standing in front of his cell waiting for defendant Gould to open his cell, Plaintiff saw defendants Woody, Dawtin and Bellinger approaching. Plaintiff placed his hands up on the fenced gate, Woody then stated to late for that and began pushing Plaintiff back towards the way he had come. Gould, stood in the middle of W-Gallery, as Plaintiff was being pushed/shoved back down the gallery when Woody, Dawtin and Bellinger began punching Plaintiff, striking him on the back of the head. Plaintiff turned around while back peddling and stated all this is unnecessary. Woody, Dawtin and Bellinger started throwing punches striking Plaintiff about the face. Plaintiff attempted to flee when Woody grabbed him by the collar of his shirt as Bellinger and Dawtin began to pull their batons. Plaintiff in fear of his life, attempted to brake Woody's hold on his shirt collar but could not. Fearing further assault Plaintiff attempted to defend himself, as Bellinger swung his baton toward Plaintiff's head. Plaintiff was able to block the blow with his arm. When Dawtin rammed his baton into Plaintiff's forehead, causing Plaintiff's head to snapback and shirt to rip. As Plaintiff stumbled back Woody struck Plaintiff on the head with his baton, Plaintiff fall to the ground, as Plaintiff tried to get up he was repeatedly struck on the head and arms.

20. Defendant Gould watched as Woody, Dawtin and Bellinger continued to maliciously and sinisterly beat Plaintiff with their batons until defendant Barnes who repeatedly ordered defendants to stop, stating thats enough thats enough. Gould did nothing to stop the assault. Plaintiff was then handcuffed and shoved down a flight of stairs and pushed up against a wall were defendant Gamble shouted why is he still standing, why is he still breathing. Thereafter, Plaintiff was made to stand in the back of the shower bleeding and in agonizing pain for twenty minutes or more before being taken to medical staff.

21. Plaintiff was examined by medical staff nurse C. Nugent who informed Plaintiff that he would be taken to an outside hospital. Defendants John Doe 1, John Doe 2 and John Doe 3, shackled Plaintiff and placed him in a van where Plaintiff sat, at a Sing Sing check-point bleeding in excruciating pain for several hours before finally being taken to Mount Veron Emergency Room. Where Plaintiff was treated receiving seven sutures to close the wounds to his head.

22. On November 17 2010, in a effort to shield the unwarranted, unprovoked assault, Plaintiff was issued two Misbehavior Reports dated November 16, 2010, alleging Plaintiff had violated rules of inmate behavior charging Plaintiff with: 104.11 Violent Conduct 2 counts; 104.13 Creating a Disturbance 2 counts; 100.11 Assault on Staff 2 counts; Interference with Employee, 106.10

Refusing Direct Orders 2 counts; 109.10 Out of Place; 109.12 Movement Regulation Violation.

23. Lt. C. Pickens reviewed the Misbehavior Reports allegedly written by defendants Woody, Bellinger and ordered the Plaintiff confined to Special Housing Unit. The defendant Heath, designated defendant Brereton, to serve as the hearing officer.

24. On November 21, 2010, Brereton commenced the Tier III hearing in which Plaintiff entered a plea of not guilty to each of the alleged charges. Plaintiff requested an assistance to obtain documents, locate and interview witnesses to the incident, Brereton assigned White as Plaintiffs assistance. On November 23, 2010, Brereton concluded the hearing finding Plaintiff guilty of violating the following charges: 104.11 Violent Conduct, 104.13 Creating a Disturbance, 100.11 Assault on Staff 2 counts, 106.10 Refusing a Direct Order 2 counts, 109.12 Movement Regulation, 107.10 Interference with Employee. Brereton, imposed the following penalties: thirty months confinement in Special Housing Unit (SHU); thirty months loss of Packages, Commissary, Phones; and Twelve months recommended loss of Good time.

25. Shortly after tier III hearing Plaintiff sought discertionary review from Heath, such review was passed along and subsequently denied. On January 20, 2011, plaintiff filed his administrative appeal contesting the erroneous determination of Brereton raising a number of grounds for relief. Fischer, designated Prack, to review Plaintiff's administrative appeal. By notice dated February 14, 2011, Prack acting on behalf of Fischer, notified Plaintiff the appeal from Superintendents hearing dated November 23, 2010, has been affirmed. See attached

26. On June 9 2011, Plaintiff commenced an Article 78 proceeding challenging the denial of the administrative appeal. On November 9, 2011, the proceedings were transferred to the Appellate Division Third Department for disposition. See attached

27. On January 12, 2012, Plaintiff filed his brief with the Appellate Division Third Department, raising the same grounds. On August 2, 2012, the Appellate Division Third Department granting Plaintiff the requested relief. By the time relief sought was granted Plaintiff had served twenty-two months of the thirty month imposed penalty. Plaintiff remained in segregative confinement until August 28, 2012. See Attached.

28. The defendants Brereton and White deliberately intentionally and knowingly deprived plaintiff of his constitutional right to due process during disciplinary hearing, by failing to conduct a fair hearing by a neutral arbitrator; denying Plaintiff the right to call witnesses in support of his defense; adequate assistance; as well as erroneously written Misbehavior Report. Such violations constituted a gross violation or deprivation of plaintiff rights, which subject and/or coursed plaintiff to be subjected to thirty months of segregative confinement.

29. The defendants Heath, Keyer, Fischer and Prack, upon learning of the violations did allow permit, approve, assist, sanctioned, conspired or acted in concert with defendant Brereton. As a

result of the defendants failure to act Plaintiff sustained the following gross deprivation, violations and/or injuries: Loss of liberty, phones, commissary, packages, educational programs, prison wages, personal property; Plaintiff during segregative confinement was subjected to being hand-cuffed and chained every time he exited the cell, harassment, false misbehavior reports, theft of personal property, double bunk celling where plaintiff contracted a testicle fungus, limited visits, showers and exercise. Defendants failure to vacate the imposed penalties upon review or appeal operated to further such deprivations, violations and/or injuries.

## III. Injuire

If you sustained injuries related to the events alleged above, describe them and state what medical treatment if any, you required and received. Plaintiff receive seven suitors to close the wounds: Lacerations to the head 1 ¥ x ¥ x 1 deep to the top of head, ¥ x¥ to front left of the head, 1/8 x 1/8 abrasions to the front of head with swelling all actively bleeding ample number of contusions to the head, abrasions to the arms, neck with swelling. As a result of this unprovoked assault Plaintiff currently receives pain medication for injuries to the head.

## IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act (PLRA), 42 U.S.C. 1997e(a), requires that (n)o action shill be brought with respect prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. Administrative remedies are also know as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _✓_    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).    _Sing Sing Correctional Facility_
_____

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _✓_    No _____    Do Not Know _____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _✓_    No _____    Do Not Know _____

If YES, which claim(s)?    _The assault_

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _✓_    No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____    No _____

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance?    _At Sing Sing Correctional Facility_

1.    Which claim(s) in this complaint did you grieve?    _The assault by_ _Correctional officers R. Woody Jr, T.Bellinger and C.Dowlin_

2.    What was the result, if any?    _The grievance was denied_
_____

3.    What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process. _____

_I appealed IGRC's response to the Superintendent who_
_denied the grievance. I then appeal to CORC who_
_also denied grievance._

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here: _____

_____

_____

_____

_____

2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any: _____

_____

_____

_____

_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. _____

_____ *See Statement of facts 25 to 27* _____

_____

_____

_____

_____

**Note:**  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____

_____

_____

_____ ←— *See Attached* —→ _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*Rev. 05/2010*

## V.    Relief:

Each defendant aforesaid is being sued jointly, severally and individually and in his/her individual and not in their official capacity. At all times mentioned in this Complaint each defendant, aforesaid, acted under the color of New York State Law in violation of Plaintiffs Constitutional Right.

Plaintiff has no plains adequate or complete remedy at law to redress the gross deprivations violations as described herein. Plaintiff has been and shall continue to be irreparable injured by the gross conduct of the defendants, each of them aforesaid unless or until this court grants the relief sought herein.

Plaintiff rights are such as existed by law of the lad long antecedent to the organization of the State and can only be taken from him by due process of the law and in accordance with the Constitution, such was not the case here. As a result of the defendants malicious, sadistic, callous, intentional brutal and assaultive, negligent acts.

As such this court should award Plaintiff the sum of $ 100,000 (one hundred dollars) per-day for each day of segregative confinement.

Compensatory damages in the amount of $ 550,000 (five hundred fifty thousand dollars) per-defendant.

Punitive damages in the amount of $ 550,000 (five hundred fifty thousand dollars) per-defendant.

Future damages in the amount of $ 550,000 (five hundred fifty thousand dollars) per-defendant.

Nominal damages in the amount of $ 550,000 (five hundred fifty thousand dollars) per-defendant.

Plaintiff seeks a trial by jury in all issues. Plaintiff is proceeding pro-se and is not as versed in the law as that of a practicing attorney and ask this Court not to hold Plaintiff to the standards of that of a practicing attorney.

**VI.**    **Previous lawsuits:**

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No ✓

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case _____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____ No _____
If NO, give the approximate date of disposition _____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in   your   favor?  Was   the   case   appealed?) _____
_____
_____

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
Yes _____ No ✓

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case _____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____ No _____
If NO, give the approximate date of disposition _____

*Rev. 05/2010*                                                    8

7.    What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _6_ day of _November_ , 20_13_.

Signature of Plaintiff    _Kenneth Samuels_

Inmate Number    _97A0331_

Institution Address    _UPState_

_P.O. Box 2001_

_Malone NY 12953_

_____

**Note:**    All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _6_ day of _November_ , 20_13_, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _Kenneth Sam S_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------
Kenneth Samuels

              Plaintiff,

SUMMONS

    -against-

Civil Action No. _____

Brian Fischer, Commissioner
Albert Prack, Director of SHU
Philip Heath, Superintendent
Deboran Keysor, (DSS)
R. Brereton, Corr. Caption
John Doe 1, Corr. Sergeant
M. Barnes, Corr. Sergeant
C. Gamble, Corr. Sergeant
K. White, Corr. Sergeant
L. Gould, Corr. Officer
T. Bellinger, Corr. Officer
R. Woody Jr. Corr. Officer
C. Dowtin, Corr. Officer
John Doe 2, Corr. Officer
John Doe 3, Corr. Officer

                  Defendant.
--------------------------------

**TO THE ABOVE DEFENDANTS:**

    You are hereby summoned and required to serve upon plaintiff, whose address is P.O. Box 2001 , Malone , New York 12953 , an answer to the complaint which i herein served upon you within 20 days after service of this summons upon you exclusive of the day of service, or 60 days of the U.S. Government or officer/agent thereof is a defendant. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**Clerk of the Court**

**Date:** _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------
Kenneth Samuels
                    Plaintiff,

       -against-

Brian Fischer, Commissioner
Albert Prack, Director of SHU
Philip Heath, Superintendent
Deboran Keysor, (DSS)
R. Brereton, Corr. Caption
John Doe 1, Corr. Sergeant
M. Barnes, Corr. Sergeant
C. Gamble, Corr. Sergeant
K. White, Corr. Sergeant
L. Gould, Corr. Officer
T. Bellinger, Corr. Officer
R. Woody Jr. Corr. Officer
C. Dowtin, Corr. Officer
John Doe 2, Corr. Officer
John Doe 3, Corr. Officer
                    Defendant.
------------------------------

MOTION FOR
APPOINTMENT
OF COUNSEL

Civil Action No._____

        Pursuant to 28 U.S.C. 1915(e)(1) plaintiff moves for an order appointing counsel to represent him in this case. In support of this motion, plaintiff states:

        1. Plaintiff is unable to afford counsel. He has requested leave to proceed in forma pauperis.

        2. Plaintiff's imprisonment will greatly limit his ability to litigate. The issues involved in this case are complex, and will require significant research and investigation. Plaintiff has limited access to the law library, no knowledge of civil law and the clerks assigned to the law library have limited knowledge concerning civil litigation.

3. A trial in this case will likely involve conflicting testimony, and counsel would better enable plaintiff to present evidence, cross examine the defendants and obtain justice in accordance with the United State Constitution.

4. Plaintiff has made repeated efforts to a lawyer. Attached to this motion are letter seeking legal representation.

**WHEREFORE**, plaintiff respectfully request that the Court appoint a attorney who is skilled in all aspects of civil litigation.

11/6/13
**Dated**

Respectfully submitted

/ **KENNETH SAMUELS, pro-se Plaintiff**
**P.O. Box** 2001
Malone , **New York** 12953

KENNETH SAMUELS
P.O. Box 2001
Dannemora, New York 12929

July 9, 2013

Ronemus & Vilensky
112 Madison Aveue
New York, N.Y. 10016



JUL 15 2013

Sir's

My name is KENNETH SAMUELS, I'm a prisoner currently confined to a State prison, I saw your advertisement in the New York Law Journal. Please allow me one minute of your time to explain my situation.

On November 16, 2010, I was a prisoner at Sing Sing correctional facility and was assaulted by three correction officers. As a result of that, assault I sustained head injuries requiring seven stitches to close the wounds to my head and currently take pain medication for chronic headaches. In order to cover-up the assault, I was made out to be the aggressor and issued two Misbehavior Report alleging various charges. A hearing was held, in which my rights were violated and I was found guilty and sentence to thirty-months Special Housing Unit, thirty-months loss of commissary, phone, packages and twelve mounts loss of good time.

I file an administrative appeal, which was denied. I then filed an Article 78, challenging the administrative decision, which was transferred to the Appellate Division Third Department and on August 2, 2012 the third department granted my petition see, SAMUELS V. FISCHER, 949 N.Y.S.2d 800, 98 A.D.3d 776 (2012). Unfortunately, I had already served twenty-two months of the

thirty-month sentence before I obtained a reversal and was release from special housing Unit.

I want to pursue a civil suit 1983, against the Commissioner Brian Fischer and several of his subordinates. The suit would be based on unnecessary use of force, which resulted in actual injury, deliberate indifference because officers held me in a van for several hours before taking me to the hospital and for violating my rights to due process at the prison disciplinary hearing. I have reviewed a number of cases and believe I will prevail with legal representation. If you require a more detailed information concerning the incident, I would have no problem providing you with a written statement of the facts so long as you agree to keep its contents confidential.

It is my understanding that there is a three statute of limitation to file a civil suit, so I have until November of this year to file the suit, hopefully you will decide to take me on as a client.

I want to thank you in advance for your time consideration and understanding in this matter, thank you! and hope to hear from you soon.

Sincerely yours,

# Prisoners' Legal Services of New York

Karen Murtagh
**Executive Director**

41 State Street, Suite M112
Albany, New York  12207
Tel.: (518) 438-8046
FAX: (518) 438-6643

James Bogin
**Managing Attorney**

Sophia Heller
**Staff Attorney**

October 2, 2012

Kenneth Samuels
97-A-0331
Upstate Correctional Facility
P. O. Box 2001
Malone, NY 12953-2001

Dear Mr. Samuels:

We recently received your letter seeking legal assistance. Regrettably, with respect to the request you made in your recent letter, we have determined that we cannot provide you with representation. If you have asked for some form materials, or we believe we have form materials that may be helpful to you, we are enclosing these materials with this letter and we are returning any papers you enclosed with your letter.

If, in the future, you write to us about a different legal problem, please provide us with specific details about your problem. This will assist us in determining whether we can help you. For instance, if you write to us  about a Tier III hearing, tell us what rights you believe the hearing officer violated or,  if you write to us about a jail time issue, tell us the name of  jail in which you were confined, the period of time with which you think you should be credited and why. The more information you can provide to us about your situation the more likely it is that we may be able to provide you with some assistance. **But please note that we will primarily consider requests for assistance that fall within our established priorities which are: Tier III disciplinary hearings, jail time, parole jail time and sentencing cases, excessive use of force claims resulting in serious injury, serious medical and mental health claims and first amendment claims.**

Sincerely,

James M. Bogin

James Bogin
Managing Attorney

P.S. We are unable to assist you in getting the investigation reports from the IG.  These reports are not released, though they *may* be available through discovery.

Enc:    1983 and Damages for Time in SHU memos